IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00043-KDB-DCK

| | |
|---|---|
| KELLY ANN REYNERSON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on the Memorandum and Recommendation of the Honorable Magistrate Judge David C. Keesler ("M&R") entered June 6, 2024 (Doc. No. 14); Plaintiffs' Objections to the M&R (Doc. No. 17) and the parties' associated briefs and exhibits that have been considered in accordance with this Order.

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a de novo review where a party makes only

1

"general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

The Court has conducted an independent review of the M&R, Plaintiffs' objection (which largely repeats the arguments she made before the Magistrate Judge), and a *de novo* review of the applicable record. Upon that review, the Court concludes that the recommendation to affirm the Commissioner's finding that Plaintiff was not disabled under the Social Security Act during the relevant period is correct and in accordance with law. The Court agrees that the ALJ's findings were "based on a comprehensive and thorough review of the evidence in the record, and the ALJ did not cherry-pick or otherwise mischaracterize the evidence." *Fowls v. Comm'r of Soc. Sec.* No. 1:22-CV-00271-KDB-DCK, 2024 WL 3433667, at *2 (W.D.N.C. July 16, 2024).

As the Magistrate Judge found, the ALJ's explanation of the RFC determination is supported by substantial evidence, and neither *Dowling v. Comm'r of Soc. Sec. Admin* nor Social Security Ruling (SSR) 96-8p require specific discussion of each function (M&R at 10-11). *See Woodard v. Comm'r of Soc. Sec. Admin.*, No. 5:23-CV-053-KDB, 2024 WL 50423 (W.D.N.C. Jan. 4, 2024) ("the *Dowling* court acknowledged there is no *per se* rule requiring remand any time the function-by-function analysis is deficient or even absent altogether."); *see also Jenkins v. Kijakazi*, No. 1:20-CV-221-KDB, 2021 WL 3745030 (W.D.N.C. Aug. 24, 2021) (affirming the Commissioner's decision, despite the lack of function-by-function articulation in the RFC). Further, as to Plaintiff's ability to engage in life activities, the ALJ balanced Plaintiff's reported

abilities with her subjective qualifications on these abilities, providing sufficient explanation and demonstrating substantial evidence for the ALJ's findings (M&R at 16).

In sum, Plaintiff's challenge does not establish that the ALJ omitted discussion of significant evidence, but rather simply reflects disagreement with the ALJ's conclusions that she is able to work on a regular and continuing basis. However, as fully explained in the M&R, this Court may not reweigh the evidence or supplant its judgment for the ALJ's when the ALJ's decision is supported by substantial evidence. *See* Doc. No. 14 at 3, citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Therefore, for the reasons discussed above and more fully stated in the M&R, the findings and conclusions of the Magistrate Judge are **ADOPTED** and the Commissioner's decision will be **AFFIRMED**.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The findings and conclusions of the Magistrate Judge (Doc. No. 14) are **ADOPTED**;
2. The Commissioner's decision is **AFFIRMED**; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 6, 2024

Kenneth D. Bell
United States District Judge